IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES THOMAS, MIDDLESEX INSURANCE COMPANY, and UNITEDHEALTHCARE INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>BRINK'S, INC. AND BALDWIN & LYONS, INC.<br><br>Defendants. | 19-CV-1224-JPS |

## BRINK'S, INC. AND BALDWIN & LYONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Now come the Defendants, Brink's, Inc. and Baldwin & Lyons, Inc., by and through their counsel, Eugene M. LaFlamme of McCoy Leavitt Laskey LLC, and for their answer to Plaintiffs' Complaint, state as follows:

1. The Defendants admit the allegations of paragraph 1.

2. The Defendants admit the allegations of paragraph 2.

3. The Defendant, Brink's, Inc., admits the allegations of paragraph 3.

4. The Defendants admit that Baldwin & Lyons, Inc. does business in the state of Wisconsin. They admit it has its registered agent as CC Corporation at 301 S. Bedford Street, Suite 1, Madison, Wisconsin. The Defendants deny the remaining allegations of paragraph 4.

5. The Defendants move to strike the allegations that Brink's Inc. does "substantial business" in the state of Wisconsin as they are argumentative and seek to establish a legal conclusion. To the extent a response to such allegation is required, the Defendants deny knowledge of information sufficient to form a belief as to the truth of the matters contained therein and, therefore, deny. The Defendants admit the remaining allegations of paragraph 5.

6. The Defendants deny the allegations of paragraph 6.

## FIRST CLAIM FOR RELIEF:
## (NEGLIGENCE AGAINST BRINK'S, INC.)

7. The Defendants restate their above answers to the prior allegations as though fully set forth.

8. The Defendants admit that Plaintiff operated his vehicle southbound on Route 83 near Route 53 in Vernon Township, Illinois. Further, Defendants admit that Govani Garcia, an employee of Brink's, Inc., operated a 2017 Ford that was owned by Brink's, Inc. The Defendants admit that there was contact, but deny the remaining allegations and implications of paragraph 8.

9. The Defendants deny the allegations of paragraph 9.

10. The Defendants deny the allegations of paragraph 10.

11. The Defendants deny the allegations of paragraph 11. Further, the Defendants demand proof as to each and every element of injury and damages claimed.

WHEREFORE, the Defendants pray that this Court dismiss Plaintiff's cause of action with prejudice and with costs to the Defendants; deny that Plaintiff is entitled to any compensatory damages, any costs, disbursements or attorney's fees or interests; and deny that Plaintiff is entitled to any other relief.

## SECOND CLAIM FOR RELIEF:
## (NEGLIGENT HIRING, TRAINING AND/OR SUPERVISION)

12. The Defendants restate their above answers to the prior allegations as though fully set forth.

13. The Defendants deny the allegations of paragraph 13.

14. The Defendants deny the allegations of paragraph 14.

15. The Defendants deny the allegations of paragraph 15. Further, the Defendants demand proof as to each and every element of injury and damages claimed.

WHEREFORE, the Defendants pray that this Court dismiss Plaintiff's cause of action with prejudice and with costs to the Defendants; deny that Plaintiff is entitled to any compensatory damages, any costs, disbursements or attorney's fees or interests; and deny that Plaintiff is entitled to any other relief.

The Defendants, Brink's, Inc. and Baldwin & Lyons, Inc., demand trial by jury.

## DEFENDANTS AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim against Brink's, Inc. and Baldwin & Lyons, Inc. upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The injuries and/or damages, if any, allegedly suffered by Plaintiff were the direct and proximate result of Plaintiff's own negligence and/or negligence per se, which negligence and/or negligence per se was greater than any negligence of Brink's, Inc. and Baldwin & Lyons, Inc. and thus any recovery by Plaintiff is barred.

### THIRD AFFIRMATIVE DEFENSE

3. Insofar as any third person paid medical, hospital, pharmaceutical or like expenses on behalf of Plaintiff at amounts less than the original sum billed, and the provider accepted such payment as satisfaction in full, the amount paid represents the reasonable value of such services. In the alternative, Brink's, Inc. and Baldwin & Lyons, Inc. are entitled to a set-off for any benefits paid to or on behalf of Plaintiff which are not subject to a right of subrogation.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff has failed to mitigate Plaintiff's damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's treatment, or some portion of it, was not reasonable or necessary.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's actions or omissions were the sole proximate cause of plaintiff's accident.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff assumed the risk of the activities in which Plaintiff was engaged and, therefore, Plaintiff cannot recover from Brink's, Inc. and Baldwin & Lyons, Inc.

### EIGHTH AFFIRMATIVE DEFENSE

8. In the event that these Defendants are found liable to Plaintiff, which these Defendants deny, then these Defendants are entitled to have the negligence and fault of those third parties over whom these Defendants had no right or duty to control which caused or contributed to cause Plaintiff's damages considered by the jury, and these answering Defendants' liability, if any, reduced proportionately

### NINTH AFFIRMATIVE DEFENSE

9. Any damages allegedly sustained by Plaintiff were proximately caused by intervening and/or superseding cause or causes over which these answering Defendants neither control nor had the right to control.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff may have failed to properly serve one or more of the answering Defendants, thereby precluding this Court from having jurisdiction over the improperly served Defendant(s)

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's contributory negligence exceeded that of Brink's, Inc. and its driver and, as such, is barred.

12. Defendants reserve the right to raise additional affirmative defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, Brink's, Inc. and Baldwin & Lyons, Inc. demand that a judgment be entered: (1) dismissing the Complaint with prejudice; (2) awarding Brink's, Inc. and Baldwin & Lyons, Inc. their costs and reasonable attorney's fees; and (3) granting Brink's, Inc. and Baldwin & Lyons, Inc. such other and further relief, legal or equitable, as the Court may deem just and proper.

MCCOY LEAVITT LASKEY LLC
Attorneys for Defendants Brink's, Inc. and
Baldwin & Lyons, Inc.

Dated: August 29, 2019  */s/ Eugene LaFlamme*
Eugene M. LaFlamme     WI SBN 1041466
N19 W24200 Riverwood Drive, Ste. 125
Waukesha, WI 53188
Phone: (262) 522-7000
Fax: (262) 522-7020
elaflamme@MLLlaw.com