# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES THOMAS,

    Plaintiff,

MIDDLESEX INSURANCE CO. and
UNITED HEALTHCARE
INSURANCE COMPANY,

    Involuntary Plaintiffs,

v.

BRINKS, INC. and BALDWIN &
LYONS, INC.,

    Defendants.

Case No. 19-CV-1224-JPS

**ORDER**

  On August 23, 2019, this case was removed to federal court pursuant to 28 U.S.C. § 1332 from Milwaukee County Circuit Court. (Docket #1). The case arises from a car accident in Illinois between Plaintiff, a Wisconsin citizen, and Jovani Garcia ("Garcia"), a non-party Illinois citizen. Plaintiff sued Brinks, Inc., ("Brinks"), the security company that employed Garcia, for negligence under a *respondeat superior* theory of liability, as well as for negligent hiring, training or supervision under Wisconsin law. Plaintiff also sued Baldwin & Lyons, Inc., ("Baldwin"), the company that insures Brinks, under a Wisconsin law allowing direct actions against insurers in negligence cases.

  On December 17, 2019, Brinks and Baldwin filed separate, but similar, motions for judgment on the pleadings, which are now fully

briefed. Both defendants argue that Illinois law, rather than Wisconsin law, applies to the matter at hand. Under Illinois law, Brinks cannot be sued for negligent hiring, supervising or training when it has conceded responsibility for Garcia's conduct under a theory of *respondeat superior*, as it has in this case. *Gant v. L.U. Trans., Inc.*, 770 N.E.2d 1155, 1159 (Ill. Ct. App. 2002) (holding that although negligent hiring, retention, or entrustment "may establish independent fault on the part of the employer, it should not impose additional liability on the employer" if *respondeat superior* applies).[1] Similarly, under Illinois law, there is no direct action against insurers in negligence cases—rather, there must be a judgment against Brinks before Plaintiff can sue Baldwin for a recovery. *Direct Auto Ins. Co. v. Bahena*, 131 N.E.3d 1094, 1107 (Ill. Ct. App. 2019).

---

[1] The tort of negligent hiring or supervision allows an employer to be held liable for "injuries proximately caused by the employee's incompetence or unfitness. . .[but] is not dependent upon a finding that the employee acted within the scope of his or her employment." *Sherril v. Smart*, No. 92-313, 1993 WL 535121, at *3 (Wis. Ct. App. Dec. 28, 1993). Unlike *respondeat superior*, which holds an employer vicariously liable for the torts of its employees conducted within the scope of employment, negligent hiring or supervision holds employers directly liable for the actions of its employees—regardless of whether the employee's actions were conducted within the scope of employment or were technically negligent—provided that (1) the employee's act caused the plaintiff's injury and (2) the employer caused the employee's wrongful act. *Miller v. Wal-Mart Stores, Inc.*, 218 N.W.2d 233, 238–39 (Wis. 1998). Because negligent hiring is "predicated on. . .[and] entirely derivative of, the negligence of the employee, [and] cannot exceed the liability of the employee," Illinois courts have found that if *respondeat superior* applies, then a negligent hiring claim is duplicative. *Gant*, 770 N.E.2d at 1159. Wisconsin courts do not have this rule. The Court notes, however, both *respondeat superior* and negligent hiring seek to remedy the same harm, i.e., the plaintiff's injury caused by the employee's conduct. This harm does not grow or shrink depending on the number of theories of liability upon which a plaintiff prevails.

The overarching issue, then, is whether Wisconsin or Illinois law governs this action. For the reasons explained below, Illinois law applies. The motions for judgment on the pleadings will be granted, the claims against Baldwin will be dismissed, and Baldwin will be dismissed without prejudice from the action. Additionally, Plaintiff's claim for negligent hiring will be dismissed with prejudice. Finally, since Illinois law governs these cases, it is not clear whether the involuntary plaintiffs, who were added pursuant to Wis. Stat. § 803.03, should remain in the case. Within twenty-one days of the date of this order, Plaintiff is instructed to file a document with the Court that either explains the basis for including the involuntary plaintiffs under an Illinois corollary to Wis. Stat. § 803.03, or dismisses the involuntary plaintiffs and their crossclaims.[2]

1.   **LEGAL STANDARD**

Federal Rule of Civil Procedure Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). To survive a challenge under Rule 12(c) or 12(b)(6), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl.*

---

[2]Please note that the document filed under the title "Answer to Complaint AND COUNTERCLAIM against Baldwin & Lyons Inc. and Brinks Inc. filed by Middlesex Insurance Co., ANSWER to Complaint AND CROSSCLAIM against Baldwin & Lyons Inc. and Brinks Inc. filed by Middlesex Insurance Co.,"(Docket #9), is not the correct document.

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chi.*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* at 480–81.

## 2. RELEVANT ALLEGATIONS

The allegations in this complaint are relatively straightforward. Plaintiff alleges that he was driving on Route 83 near Vernon Township, Illinois. As he approached the intersection with Route 53, the rear of Plaintiff's car was struck from behind by a pickup truck driven by Garcia, a Brinks employee. Plaintiff alleges that Garcia's negligence caused the accident.

## 3. ANALYSIS

The parties agree that this Court should apply Wisconsin's choice-of-law rules to determine the law governing this case, because a court sitting in diversity must apply the choice-of-law rules of the state in which it sits. *See Assembly Component Sys., Inc. v. Platinum Equity, L.L.C.*, No. 09-CV-778, 2010 WL 2719978, at *6 (E.D. Wis. July 7, 2010). In tort cases, courts begin with the presumption that the law of the forum applies unless non-forum contacts are of greater significance. *Glaeske v. Shaw*, 661 N.W.2d 420, 427 (Wis. Ct. App. 2003). If neither potential forum has clearly more significant contacts, the Court moves on to analyze five "choice influencing factors," including predictability of results, maintenance of interstate and international order, simplification of the judicial task, advancement of the forum's governmental interests, and application of the better rule of law. *Id.*

On first impression, the non-forum contacts do appear to be of greater significance to the facts underlying this action. The accident giving rise to this lawsuit occurred in Illinois, while Plaintiff was driving through Illinois, and involved a Brinks employee from Illinois, who was driving an Illinois truck. It is true that Plaintiff is a Wisconsin citizen and the action was filed in Wisconsin, but these are the only facts supporting application of Wisconsin law in this case. In cases involving automobile accidents between citizens of different states, it is sensible to apply the law of the state where the accident occurred, particularly if there is some other connection to that state than merely the accident. *See Conklin v. Horner*, 157 N.W.2d 579, 582 (Wis. 1968) (applying Wisconsin law when the accident occurred in Wisconsin and the lawsuit was filed in Wisconsin).

Applying Wisconsin's choice-of-law tort factor test confirms this initial impression. "The first factor, predictability of results, deals with the parties' expectations." *State Farm Mut. Auto. Ins. Co. v. Gillette*, 641 N.W.2d 662, 676 (Wis. 2002). Generally, predictability "has little or no relevancy to an automobile accident or other tort that was never intended or planned." *Heath v. Zellmer*, 151 N.W.2d 664, 672 (Wis. 1967). However, in assessing this low-weight factor in the context of automobile accidents, Wisconsin courts have noted that it may be "reasonable to assume that a Wisconsin resident who drives in [another state], and then is involved in a collision involving [another state's resident]. . .would have tort damages computed under [that state's] law." *State Farm*, 641 N.W.2d at 686 (Wilcox, J., concurring in part and dissenting in part). Thus, although this factor weighs lightly in the analysis, it bears consideration. Here, on the facts of this case, the Court finds that it is more predictable that defendants would be subject to Illinois laws rather than Wisconsin laws. Not only did the tort occur in

Illinois, but it was allegedly caused by an Illinois citizen with whom the defendants contracted to carry out business in Illinois. The defendants are now being sued over the Illinois citizen's conduct in the course of that business. The Court therefore agrees with the defendants that application of Illinois law to the parties and facts of this case is slightly more predictable than application of Wisconsin law. This case is not about an insurance policy that was issued in Wisconsin, as was the case in *State Farm.* Nor is this a situation in which the car accident occurred in Illinois, but no other facts tether the parties to Illinois. Rather, in this case, the victim is a Wisconsin citizen, but the facts of the case arose in Illinois, and the defendants, who are not citizens of Wisconsin, are being held responsible for an Illinois citizen's actions, which occurred while he was carrying out their business in Illinois. This factor weighs in favor of Illinois law.

The second factor, "maintenance of interstate and international order, requires that the jurisdiction that is minimally concerned defer to the jurisdiction. . .that is substantially concerned." *Id.* at 676. Here, both Wisconsin and Illinois are equally concerned with this action: Wisconsin has an interest in rectifying the harms visited upon its citizens, and Illinois has an interest in deterring negligence on its interstates. Although none of the parties are citizens of Illinois, the defendants do business in Illinois and employ Illinois citizens, including the one who allegedly caused the accident in question, which occurred in Illinois. Therefore, Illinois is not, as Plaintiff argues, simply "minimally concerned." Rather, Illinois also has an interest in ensuring that the companies that carry out business there are responsible for the actions of their employees. This factor does not clearly weigh in favor of either state's law.

The third factor, "simplification of the judicial task," seeks the state with the more "simple and easily applied rule" of law. *Id*. (citations and quotations omitted). This factor weighs in favor of Illinois law. Brinks has already conceded responsibility under a theory of *respondeat superior*, *see* (Docket #22 at 2) ("Once the principal has admitted its liability under a respondeat superior theory, as in this case, the cause of action for negligent hiring, training and supervision is duplicative and unnecessary.").[3] Thus, applying Illinois law would avoid a duplicative lawsuit on the issue of negligent hiring, training, or supervision. *Gant*, 770 N.E.2d at 1159. As to Baldwin, applying Illinois law would relieve the insurance company of litigating the case unless and until a judgment is granted in Plaintiff's favor. *Direct Auto Ins.*, 131 N.E.3d at 1107. Applying Wisconsin law, on the other hand, would protract and inflate the litigation. This factor weighs in favor of applying Illinois law.

The fourth factor concerns the advancement of the forum's governmental interests. In cases such as automobile accidents, the question presents itself as "whether the proposed non-forum rule comports with the standards of fairness and justice that are embodied in the policies of the forum law." *Heath*, 151 N.W.2d at 673. In other words, does the law adequately serve the policies of the state, be it compensation, remediation, or deterrence? *See State Farm*, 641 N.W.2d at 678. Either Illinois or Wisconsin law would compensate Plaintiff for his harms, as he seeks redress from Brinks for the negligence of its employee. In Wisconsin, he can bring this lawsuit as two causes of action; in Illinois, it is as a single cause of action,

---

[3]Notwithstanding this confusing language, it seems that Brinks intends to litigate some aspect of the employee's alleged underlying negligence, for which it has conceded it would be liable.

but the liability for Garcia's faults does not increase with the number of claims brought. Put another way, Plaintiff may prevail under one or multiple theories of liability against Brinks, but the damages caused by Garcia do not change. Similarly, while Illinois may have a greater interest in applying its tort law to accidents that occur on its interstates, there is no reason why a negligence suit brought under Wisconsin laws would not deter any avoidable negligence on the part of an employer. On balance, this factor does not weigh in favor of either state's law.

The fifth and final factor asks which law is "better." *Id.* Courts typically consider whether a law is "anachronistic" or whether it is founded "on a rational basis and serves a discernable purpose." *Id*. It does not appear that either law is anachronistic or otherwise impracticable. Although Wisconsin law allows Plaintiff to bring a direct action against a defendant's insurer, Plaintiff will be equally able to recoup from the insurer under Illinois law if a judgment is entered in Plaintiff's favor. Moreover, although Wisconsin law allows Plaintiff an additional claim, i.e., negligent hiring, training, or supervision, it seems that Brinks has already conceded that it would be liable under a theory of respondeat superior, (Docket #22 at 2), i.e., that it would be liable for the negligence of its employee. There is no allegation or suggestion in Plaintiff's briefs that this relief would be insufficient to redress his harms. This factor, too, does not weigh in favor of either state's law.

The state of Illinois appears to have a stronger connection to the facts of this case than the Wisconsin forum. Moreover, taken as a whole, the factors weigh in favor of applying Illinois law to the facts at hand. Under Illinois law, the negligent hiring, training, and supervision claim is

duplicative, and the claims against the insurer are anticipatory. Therefore, the Court will grant the motions for judgment on the pleadings.

4. **CONCLUSION**

For the reasons explained above, the Court finds that Illinois law applies, and the motions for judgment on the pleadings should be granted. Plaintiff's claims against Baldwin will be dismissed, and Baldwin will be dismissed without prejudice. Plaintiff's second claim will be dismissed with prejudice as duplicative of the first claim.

Accordingly,

**IT IS ORDERED** that the defendants' motions for judgment on the pleadings (Docket #19 and #21) be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the second claim for negligent hiring, training, or supervision be and the same is hereby **DISMISSED with prejudice** as to all defendants;

**IT IS FURTHER ORDERED** that Plaintiff's first claim for negligence, as well as any of involuntary plaintiffs' counterclaims against Baldwin & Lyons, Inc., be and the same are hereby **DISMISSED without prejudice** as to Baldwin & Lyons, Inc.;

**IT IS FURTHER ORDERED** that Baldwin & Lyons, Inc. be and the same is hereby **DISMISSED without prejudice** from this action; and

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff submit either a document explaining the basis for the involuntary plaintiffs' continued participation in the action under Illinois state law, or a motion to dismiss them from the action.

Dated at Milwaukee, Wisconsin, this 28th day of January, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge