3744.sbk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES THOMAS | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2019 CV 1224 |
| BRINK'S, INC. | )<br>)<br>) |
| Defendant. | ) |

## **DEFENDANT BRINK'S, INC. MOTION TO COMPEL PRODUCTION OF RECORDS**

NOW COMES Defendant, BRINK'S, INC., by and through its attorneys, HAYNES, STUDNICKA, KAHAN & POULAKIDAS, LLC, and hereby moves this Honorable Court to compel plaintiff to Supplement his FRCP 26 mandatory disclosures and/or produce records responsive to the Supplemental Production Request. In support thereof, Brink's Inc. states as follows:

### Introduction

1. This case is set for trial to begin July 27, 2020, with associated dates for expert disclosures and a final pre-trial. This motion is not meant for harassment, especially in light of orders being issued related to Covid19. The parties have agreed to mediate the case on April 28, 2020.

2. James Thomas alleges that he was injured in a collision while operating a vehicle southbound on Route 83 in Vernon Township, Lake County, Illinois on August 7, 2017, which caused a loss of income/wages. (Ex. 1, par 11 of Complaint.) In his answers to interrogatories, he alleges injuries that resulted in a loss of wages of about $33,300. (Ex.

2, answer to INT 10)

3. Plaintiff was deposed on March 6, 2020 though he had not yet produced tax returns in response to a Supplemental production request; the parties agreed to reconvene his deposition if necessary. See Ex 3, dep of plaintiff.

4. At his deposition, he testified as to the following:

   a. The lost wages relate to his self-employment through his over the road trucking company, Jet Way, Inc., which is a WI corporation;

   b. All personal and tax returns for the past years since the accident have been prepared by accountant Barbara Watson, Ex 3, p 15-16;

   c. He maintains certain records relative to the trucking company himself and provides others to the accountant, which includes expenses that he seeks to reduce his overall taxable income, p 17, ln 3-22. This includes insurance, repairs, fuel, and tolls; pp 16-17. There is financing, a cell phone, and two tablets used for record keeping. P18, 20.

   d. He has missed certain days from work from August-October 2017 as well as more recently when he had a knee surgery that he claims treated a condition that was caused by the accident;

   e. As an over the road truck driver, he had to maintain logs when he worked, which were maintained either on paper or through software accessed by two tablets he owns – he has not had a chance to look for the logs. P22, ln 23-25. He has not logged into his Omnitrac system for electronic logs to see if those accounts have data probative of when he worked. P23, ln4-14. He can access his AT&T cell phone account as to usage for various timeframes but has not done so. P20, ln 3-

10, pp 21, ln 2-7.

    f. His cell phone use and tablet use for daily logs would identify where he was physically and, as such, are probative of whether he was working or not; p21: ln2-7. Likewise, fuel, expenses, and tolls would also document when he was working. P24, ln 7-10. The *Omnitrac* data for his two tablets have data that would tell us dates he was working. P23, ln1-14. of and would document whether he was on the road and, therefore, driving or not;

.

5. All of the data identified above is probative of plaintiff's wage loss claim insofar as his actual days missed from work and is in Plaintiff's Custody, Possession and/or Control.

6. Plaintiff conceded at deposition that he has not searched all places that such records may be located, including but not limited to his own home office as well as in the possession of his accountant.

7. His accountant may have these records and/or the other records described above to the extent they can support deductions to reduce his overall taxable revenue.

8. Under the FRCP, records in the possession of his accountant are within plaintiff's custody, possession and/or control.

9. Arguably, these records should have been produced as part of plaintiff's mandatory disclosures as they are certainly probative of his wage loss claim. FRCP(a)(1)(A)(i-iii).

10. On January 23, 2020, defendant issued a supplemental production request seeking specific data as to the trucking business – there has not been a formal response to this request (Ex. 4).

11. Defendant's counsel Shimon Kahan has had multiple conversations along with several

3

emails with plaintiff's counsel Drew DeVinney seeking compliance both in advance of the plaintiff's deposition as well as after the deposition. This motion is not meant to harass. I have in good faith attempted to comply with FRCP 26, 30, and 37. I held off filing the motion as long as I could but we a) have an April 28, 2020 mediation, b) have deadlines forthcoming, and c) have a July 2020 trial date.

## Requested Relief

That plaintiff be compelled to produce the following:

a) complete responses to the supplemental production request;

b) all daily logs (paper or electronic), Daily Vehicle Inspection Reports, Cellular phone records, and Fuel and Toll records for the dates and period(s) of time that he claims he was not able to work as a result of injuries from this accident;

c) that plaintiff produce all state and federal tax records for Jet Way Inc. and himself including all supporting documentation for the tax years 2017-present, whether they are in his possession or his accountant's possession;

d) that the plaintiff be ordered to comply with the above within 14 days, without further notice.

WHEREFORE, defendant, BRINK'S, INC., prays that the court enter an order compelling plaintiff to respond to the discovery requests stated above and produce said data within fourteen (14) days and any other relief the court deems reasonable and appropriate under the circumstances.

Respectfully submitted,

/s/ Shimon B. Kahan
By: Shimon B. Kahan

HAYNES, STUDNICKA, KAHAN & POULAKIDAS, LLC
Attorneys for Brink's, Inc.
200 W. Adams St., Suite 2175
Chicago, IL 60606
(312) 332-6644
Atty. No. 38836

## Certification of Compliance with FRCP to Resolve Discovery Issues

Defendant's counsel Shimon Kahan has had multiple conversations along with several emails with plaintiff's counsel seeking compliance both in advance of the plaintiff's deposition as well as after the deposition. This motion is not meant to harass. I have in good faith attempted to comply with FRCP 26, 30, and 37.

/s/ Shimon B. Kahan